# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 06 C 6614 ) ) |
| **RUBEN ROMAN BAHENA,** | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

In 2003, Ruben Roman Bahena ("Bahena") pled guilty to possession with intent to distribute cocaine, a violation of 21 U.S.C. § 841(a)(1). He received a sentence of 262 months' imprisonment. After unsuccessfully appealing his sentence to the Seventh Circuit, he has filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (2007).[1] However, because I find that Bahena has filed his motion too late, I must deny it as untimely.

I.

Motions under § 2255 are subject to a one-year period of limitations, which runs from the latest of

---

[1] After Bahena filed his original motion and the government filed a response in opposition, Bahena filed, and I granted, a motion for leave to file an amended motion. He subsequently filed an amended motion which augments rather than supercedes the arguments he made in his initial motion. I therefore consider his original and amended motions together.

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Bahena was sentenced in 2003 and subsequently appealed his sentence. The Seventh Circuit issued a ruling denying Bahena's appeal on July 8, 2004. *United States v. Bahena*, No. 03-2901, slip op. at 1 (7th Cir. July 8, 2004). Bahena chose not to file a petition for writ of certiorari to the Supreme Court, so his judgment of conviction became final "when the time for filing a certiorari petition expire[d]." *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). The time for Bahena to file a certiorari petition expired ninety days after the Seventh Circuit issued its opinion, or October 6, 2004. *See Clay*, 537 U.S. at 525 (citing Sup. Ct. R. 13(1)). Therefore, under § 2255 Bahena had until October 6, 2005 to file the motion now before me. However, he did

not file that motion until October 30, 2006, more than a year after the deadline under § 2255 had expired.

## II.

Bahena contends that, although his motion is otherwise untimely, the doctrine of equitable tolling should extend the filing deadline. He argues that because he was incarcerated during his appeal it was difficult for him to receive information from the courts about the status of his appeal. He further states that although the Seventh Circuit issued its opinion denying his appeal in July of 2004, his attorney did not inform him of that decision until May of 2005. He has attached to his motion a May 6, 2005 letter from an attorney informing him of the Seventh Circuit's decision, notifying him that the attorney who represented him on appeal had left the firm, and stating that Bahena should "[w]rite soon" to inform the attorney what he would like her to do. (Pl's. Mot. Ex. A.) The letter stated that if Bahena wanted to argue that his attorney's representation had been inadequate he would have to find a new attorney but that if he wanted counsel to continue to represent him she would have to charge another fee for the additional representation. The letter also specifically stated that if Bahena wanted to file a § 2255 motion, "it would be best to do so before July 8, 2005." (Id.) Bahena contends that he accepted the attorney's offer to file a § 2255 motion on his behalf and paid a retainer to her, but that after a few months he became

3

concerned about the status of his § 2255 motion.[2] He states that he tried to contact the attorney but that the attorney did not accept his calls or respond to his letters.[3] Bahena attaches to his motion a copy of a letter he wrote to the district court clerk on September 22, 2006 seeking the status of the motion he believed his attorney had filed, and he states that through the clerk's response he finally discovered that no § 2255 motion was pending. He then filed the present § 2255 motion on his own. Bahena also generally contends that his illiteracy and his health problems have been impediments to his timely filing of a § 2255 motion.[4]

Taking the facts as Bahena has asserted them as true, these circumstances do not justify equitably tolling the deadline for Bahena to file his § 2255 motion. Equitable tolling excuses an untimely filing where a party "could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Taliani v. Chrans*, 189 F.3d 597, 597-98 (7th Cir. 1999) (citations omitted). The Seventh Circuit has previously held that the limitations period for

---

[2]Bahena's motion includes no evidence of the retainer he states that he paid, nor evidence that Bahena and the attorney reached an agreement that the attorney would file a § 2255 motion on his behalf.

[3]Bahena also presents no evidence, nor even a signed affidavit, that this is the case.

[4]Bahena has included with his motion one medical record appearing to show that he suffers from diabetes and high blood pressure.

4

§ 2255 motions is subject to equitable tolling. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Even for § 2255 motions, equitable tolling is applied sparingly, and "[e]xtraordinary circumstances far beyond the litigant's control must have prevented timely filing." *Id.* (citations omitted). Here, none of Bahena's complaints establish that, despite the exercise of reasonable diligence, Bahena could not discover the information he needed in order to file his claim on time, nor do they show that any extraordinary circumstances prevented timely filing.

The first set of Bahena's complaints all concern the conduct of his counsel in waiting several months to tell him that his appeal had been denied, failing to file a § 2255 motion as he requested, and then failing to communicate with him. While this conduct, if true, is disturbing, it does not excuse Bahena's tardiness. The Seventh Circuit has clearly held that, because a litigant does not have a constitutional right to counsel during post-conviction proceedings, a lawyer's mistakes or ineffective assistance during a post-conviction proceeding are not grounds for equitable tolling. *See Taliani*, 189 F.3d at 598 (lawyer's mistake not grounds for equitable tolling of deadline for filing habeas petition); *Johnson v. McCaughtry*, 265 F.3d 559, 565-66 (7th Cir. 2001) (same); *United States ex rel. Mendez v. Pierson*, 159 F. Supp.2d 1091, 1094 (N.D. Ill. 2001) (same); *see also Ballinger v.*

5

*United States*, 379 F.3d 427, 430 (7th Cir. 2004) (recognizing litigants have no constitutional right to counsel for § 2255 motions).[5] Unfortunately the advice to imprisoned litigants set forth in the *Johnson* opinion is very applicable to Bahena: for post-conviction filings, "[c]lients, whether in prison or not, must vigilantly oversee the actions of their attorneys and, if necessary, take matters into their own hands." 265 F.3d at 566; *see also Taliani*, 189 F.3d at 598 ("[F]orcing the defendant to defend against the plaintiff's stale claim is not a proper remedy for negligence by the plaintiff's lawyer.") (citation omitted).

Bahena does cite numerous cases in which courts have recognized that a delay in receiving information from a judicial body may be grounds for equitable tolling. *See, e.g.*, *Golden v. Oliver*, 264 F. Supp.2d 701, 703-04 (N.D. Ill. 2003); *Coleman v. Hockaday*, No. 02 C 4787, 2003 WL 1888840, at *5 (N.D. Ill. Apr. 15, 2003); *United States ex rel. Willhite v. Walls*, 241 F. Supp.2d 882, 888 (N.D. Ill. 2003); *United States ex rel. Wesley v. Chrans*, No. 00 C 4826, 2001 WL 1155260, at *5 (N.D. Ill. Sept. 28, 2001). However, in all of these cases the court made clear that this is

---

[5]It is possible to view the delay in informing Bahena about the denial of his appeal as a mistake of appellate counsel, since perhaps his counsel was acting on behalf of his counsel on appeal, who had since left the firm. Still, the failure to file the § 2255 motion and the failure to communicate with Bahena about the § 2255 motion was made in counsel's capacity as post-conviction counsel. And, as explained in footnote 6 *infra*, even tolling the deadline to begin when counsel informed Bahena his appeal had been denied would not render his § 2255 motion timely.

only true where the judicial body is at fault for the delay. *See Golden*, 264 F. Supp.2d at 703 (petitioner repeatedly sought information about his case from the state court without a response); *Coleman*, 2003 WL 1888840, at *4-5 (petitioner engaged in a lengthy correspondence with court in which he was provided false information); *Willhite*, 241 F. Supp.2d at 888 (state appellate court never informed petitioner it had denied his request for rehearing, so he had no reason to know he needed to further pursue his claim); *Wesley*, 2001 WL 1155260, at *5 (court did not inform petitioner it had dismissed his petition). Here, Bahena's counsel was at fault for any delay in giving information to Bahena. Bahena did ultimately contact the court clerk himself, but there is no evidence or even an allegation that the clerk delayed in providing him the information he requested. Unfortunately, as discussed above, Bahena is responsible for the errors of his counsel. *Johnson*, 265 F.3d at 566.[6] Further, although Bahena has presented evidence that he has some medical problems, he has not presented any evidence, or even concrete argument, demonstrating that those problems prevented him from timely filing his § 2255 motion. And, other courts have concluded that language barriers and lack of

---

[6]Even were I to conclude that somehow the deadline should be equitably tolled to when Bahena's counsel first told him about the denial of his appeal, which was some time around May 6, 2005, Bahena's § 2255 motion was still filed over 15 months later on October 30, 2006, beyond the one-year statute of limitations under that calculation as well.

counsel are not cognizable grounds for equitable tolling.  *See Coleman*, 2003 WL 1888840, at \*4 (citing *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001)).

III.

For these reasons, I find that equitable tolling does not apply, and that Bahena's § 2255 motion was filed beyond the one year statute of limitations.  I therefore dismiss his motion as untimely.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: May 18, 2007